**HOTEL & RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION AFL–CIO, Plaintiff-Appellant,**

v.

**PLAYBOY CLUBS INTERNATIONAL, INC., Defendant-Appellee.**

No. 71–1389.

United States Court of Appeals, Sixth Circuit.

Jan. 25, 1972.

------

Jonas B. Katz, Cincinnati, Ohio, for plaintiff-appellant; J. W. Brown, Benjamin Gettler, Brown & Gettler, Cincinnati, Ohio, on brief.

Richard W. Laner, Chicago, Ill., for defendant-appellee; Lawrence F. Doppelt, Dorfman, DeKoven & Cohen, Chicago, Ill., Samuel M. Allen, Cincinnati, Ohio, on brief.

Before EDWARDS, PECK and KENT, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, hereinafter plaintiff, takes this appeal from the District Court's denial of a petition to compel arbitration under the provisions of 9 U.S.C. § 4 and 29 U.S.C. § 185(a). The petition was filed by the plaintiff on behalf of Emily Jo Mathews, an employee of the Detroit Playboy Club. Emily Jo Mathews was discharged on October 24, 1969 because she had lost "her Bunny image." After discharge Emily Jo Mathews filed a grievance under the union contract contesting the claim that she had lost "her Bunny image." After two steps of the contract provisions for the resolution of this grievance had been concluded Mathews elected not to pursue the third step of the contract procedure and instead the plaintiff union filed a grievance claiming that Mathews was discharged for union activities. Article VII of the contract relating to bunnies provides in part:

"The provisions of this paragraph (q) shall be the exclusive means for dealing with discharges and suspensions of Bunnies, except for discharges or suspensions for union activity, which shall be subject to the provisions of Article IX of this Agreement."

Article IX, to which reference is made, provides in part:

"In the event the parties are unable to agree upon the settlement of any dispute, difference or disagreement between them during the term of this agreement, such dispute shall be submitted to arbitration by either party requesting the same in writing of the other party."

The defendant refused arbitration on the ground that the union had waived its right to arbitration because Mathews had contested the claim that she had lost "her Bunny image."

After hearing the District Judge decided the case on its merits and dismissed the complaint, D.C., 324 F.Supp. 859, we reverse.

In entering into the contract the parties agreed that a grievance claiming discharge for union activity would be subject to arbitration. Such a grievance was filed and the contract must be complied with. As stated by the Supreme Court in United Steelworkers v. Warrior and Gulf Co., 363 U.S. 574, at 582, 583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960):

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

The judgment of the District Court is reversed and the case is remanded to the District Court with instructions to enter an order requiring the defendant to submit the grievance in question to arbitration.